IN THE MATTER OF: THE APPEAL OF HIGHLANDS DEVELOPMENT COR-
PORATION, CHESTER WRIGHT, SARA NELL WRIGHT, AND COOLIDGE
AND CHRISTINE MASON CHALLENGING THE REAPPRAISAL CONDUCTED BY
MACON COUNTY FOR 1983

No. 8510PTC1266

(Filed 6 May 1986)

1. Taxation § 25— appeal of valuation—class action denied—no error

The Property Tax Commission properly denied petitioners' request to
prosecute an appeal of a valuation as a class action because petitioners failed
to show how they were aggrieved by the valuation of the other property
owners' property. N.C.G.S. 105-290.

2. Taxation § 25.4— valuation—right to actual visit and observation of property—
no notice—no error

There was no error in the Property Tax Commission's holding that the
failure to give each property owner written notice of the right to an actual
visit to and observation of his property did not invalidate the revaluation
because petitioners failed to carry their burden of showing that the result was
property valuations which were unreasonably high. N.C.G.S. 105-317(a)(1).

3. Taxation § 25.6— revaluation—valuation factors—no error

The Property Tax Commission did not err by holding that a revaluation
complied with N.C.G.S. 105-317(a)(1) where the record reveals that the relevant
factors set forth in the statute were considered. This statute is directory and
failure to consider each and every *indicia* of value recited in the statute does
not vitiate the appraisal.

APPEAL by petitioners from decision of the North Carolina
Property Tax Commission. Decision entered 24 July 1985. Heard
in the Court of Appeals 15 April 1986.

In 1983 Macon County conducted its statutorily mandated oc-
tennial revaluation of all the real property and improvements
thereon located in Macon County. Petitioners appealed the Coun-
ty's assessment of their property to the Macon County Board of
Equalization and Review. The Board upheld the valuation and pe-
titioners appealed to the North Carolina Property Tax Com-
mission (hereinafter Commission). Before the Commission the
petitioners attempted to prosecute the appeal as a class action
suit. In September 1984, the Commission denied petitioners' re-
quest to prosecute the appeal as a class action. An evidentiary
hearing was conducted in May 1985. On 24 July 1985, the Commis-
sion entered an order sustaining the decision of the County Board

of Equalization and Review. From this decision, petitioners appealed.

*Herbert L. Hyde for the appellants.*

*Jones, Key, Melvin & Patton, by R. S. Jones, Jr., and Chester Marvin Jones, for the appellee.*

ARNOLD, Judge.

[1] The appellants first contend the Commission erred in refusing to allow them to present their appeal as a class action suit. We disagree.

The appellants concede that the tax valuation statute does not expressly authorize class action appeals. However, they contend that G.S. 105-290 should be read to permit class action appeals. In *Brock v. Property Tax Comm.*, 290 N.C. 731, 228 S.E. 2d 254 (1976), our Supreme Court stated that in order for a property owner to contest the valuation of the property of others he must be some way aggrieved by that valuation. The appellants have failed to show how they were aggrieved by the valuation of the other property owners' property; thus, the Commission properly refused to allow them to appeal those valuations as a class action.

[2] The appellants next contend the Commission "erred in holding that the failure to give each property owner written notice of entitlement to an actual visit to and observation of his property was not a denial of the rights of appellants and did not invalidate the revaluation." G.S. 105-317(b) in pertinent part provides:

> (b) In preparation for each revaluation of real property required by G.S. 105-286, it shall be the duty of the tax supervisor to see that:
>
>     . . . .
>
> (7) Notice is given in writing to the owner that he is entitled to have an actual visitation and observation of his property to verify the accuracy of property characteristics on record for that property.

The appellee admits that it failed to follow the requirements set forth in the statute. However, in order for the appellants to have

the valuation set aside they must show more than a failure to follow the statutory procedures. In *In re Appeal of Amp, Inc.*, 287 N.C. 547, 215 S.E. 2d 752 (1975), our Supreme Court set forth the following test for setting aside a tax valuation. "Simply stated, it is not enough for the taxpayer to show that the means adopted by the tax supervisor were wrong, he must also show that the result arrived at is *substantially* greater than the true value in money of the property assessed, i.e. that the valuation was *unreasonably high. Id.* at 563, 215 S.E. 2d at 762 (emphasis in original). Even though the appellee admits it failed to follow the procedure set forth in the statute, we believe that the appellant has failed to carry its burden of showing that the result reached by this procedure led to property valuations which were unreasonably high. In fact we are unable to find any evidence that the value placed on the appellants' property was too high. Thus, we find no error in the Commission's actions.

[3] Finally, appellants argue the Commission erred in holding that the revaluation complied with G.S. 105-317(a)(1). G.S. 105-317(a)(1) states:

> (a) Whenever any real property is appraised it shall be the duty of the persons making appraisals:

> (1) In determining the true value of land, to consider as to each tract, parcel, or lot separately listed at least its advantages and disadvantages as to location; zoning; quality of soil; waterpower; water privileges; dedication as a nature preserve; mineral, quarry, or other valuable deposits; fertility; adaptability for agricultural, timber-producing, commercial, industrial, or other uses; past income; probable future income; and any other factors that may affect its value except growing crops of a seasonal or annual nature. Acreage or poundage allotments for any farm commodity shall not be listed as a separate element for taxation in the appraisal and assessment of real property for ad valorem taxes, but may be considered as a factor in determining true value.

The appellants argue that some of these factors were not considered in valuing their property. G.S. 105-317(a)(1) is directory and failure to consider each and every *indicia* of values recited in the statute does not vitiate the appraisal. *See, In re Appeal of*

*Broadcasting Corp.*, 273 N.C. 571, 160 S.E. 2d 728 (1968). The record reveals that the appraisal was done in accordance with the statute, and that the relevant factors set forth in the statute were considered.

The decision of the Commission is in all respects

Affirmed.

Judges WHICHARD and JOHNSON concur.